**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| TONIA ROYAL | § | |
| | § | |
| Plaintiff, | § | Civil Action No.: 3:10-cv-1362 |
| | § | |
| v. | § | |
| | § | |
| CCC&R TRES ARBOLES, LLC, | § | JURY TRIAL DEMANDED |
| A Texas Limited Liability Company; | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Tonia Royal, brings this action against Defendant, CCC&R Tres Arboles, LLC,

for violating federal and Texas state law and shows as follows:

### I.    PARTIES

1.      Plaintiff Tonia Royal is an adult female citizen of the United States residing in the

State of Texas.

2.      Defendant CCC&R Tres Arboles, LLC is a Texas limited liability company

conducting business in the State of Texas.  Defendant can be served through its registered agent

Mr. Richard H. Hu, 8662 Park Lane Office, Dallas, TX 75231, or wherever may be found.

### II.    JURISDICTION AND VENUE

3.      This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C.

§ 1331, 28 U.S.C. §1343, 28 U.S.C. § 1367 and this action being brought under Title VII of the

1964 Civil Rights Act, as amended, 42 U.S.C. §2000e, et seq., the Civil Rights Act of 1991, 42

U.S.C. 1981, and the Texas Labor Code §§ 21.051 and 21.055.

4.      Venue exists in this district and division pursuant to 28 U.S.C. §1391(b) since the substantial part of the events or omissions giving rise to this cause of action occurred in the Northern District of Texas.

### III.      CONDITIONS PRECEDENT

5.      All conditions precedent to filing this cause of action have been met.

6.      On or about April 12, 2010, after filing a complaint of discrimination under Title VII against Defendant, the EEOC issued a Notice of Right to Sue letter entitling Plaintiff to file an action in this Court for her claims.

7.      This action is filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue Letter from the EEOC.

### IV.      AGENCY

8.      Whenever it is alleged in this Complaint that Defendant did or failed to do any act or thing, it is meant that such commission or omission was performed or omitted by an agent, servant, or employee of said entity, and that in each instance the said agent, servant, or employee was then acting for and on behalf of said entity and within the scope of his/her employment or within the authority delegated to him/her by said authority.

### V.      FACTS

9.      At all times relevant to this case, Defendant has been an "employer" within the meaning of Title VII.  Defendant is engaged in commerce or in an industry or activity affecting interstate and intrastate commerce and has employed the requisite number of persons for the requisite duration under Title VII.

10.     Plaintiff was employed by Defendant from August 6, 2008 to August 8, 2009 as a leasing agent for a property named Woodglen Park Apartment Homes (hereinafter referred to as "Woodglen") located at 6800 South Cockrell Hill Road, Dallas, TX 75236.

11.     During the course of Plaintiff's employment, Plaintiff was required to endure sexual harassment by her coworkers and superiors, including a male employee named Robin, the assistant manager at Woodglen as well as several maintenance workers and Plaintiff's direct supervisor.  Specifically, on repeated occasions, male employees and supervisors, including but not limited to  Robin, would stand immediately behind Plaintiff  with their genitals making contact with Plaintiff's backside.

12.     On at least one occasion, when Plaintiff demanded that  Robin stop the sexually harassing behavior, Robin, a supervisor of Plaintiff, told Plaintiff: "don't make any problems."

13.     On or around August 4, 2009, Plaintiff reported the sexually harassing behavior to Plaintiff's second level supervisor and Robin's direct supervisor, named Asia who served as Woodglen's property manager.  Despite informing management of the sexual harassment, management failed to take action against the harassers.

14.     On at least one occasion, Asia witnessed the sexually harassing behavior done by Defendant's employees to Plaintiff.  Despite knowing of the misconduct, Defendant failed to take any action against the employees who were sexually harassing Plaintiff.

15.     Defendant's property manager, Asia,  responded to Plaintiff's reports of sexual harassment by stating that Plaintiff should not be bothered by the male employees' sexually harassing behavior towards Plaintiff, stating "You know how men are when they get out of prison."

16.     Plaintiff was terminated by Defendant shortly after she reported the sexually harassing behavior.     The employees who engaged in the sexually harassing behavior were retained and were not terminated.

17.     During Plaintiff's employment with Defendant,  its property manager, Asia, on several occasions brought a gun to the premises.

18.     On at least one occasion, Defendant's property manager, Asia,  drew her gun in the apartment office and pointed it at Plaintiff, in an attempt to scare and/or threaten Plaintiff.

19.     On or around August 8, 2009, in response to Plaintiff's complaints of sexual harassment, assault and injuries and damages as a result of the wrongful actions of Defendant's employees, Defendant terminated Plaintiff's employment.

20.     As a result of the actions and/or omissions of Defendant, Plaintiff has suffered damages and injuries.

## VI.     CLAIMS FOR RELIEF

### COUNT ONE – SEXUAL DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

21.     Plaintiff restates each and every preceding allegation of this Complaint and incorporates them by reference as though set forth in full herein.

22.     Defendant discriminated against Plaintiff because of her sex, female, in violation of Title VII by discharging Plaintiff and otherwise discriminating against her, by engaging in, tolerating or failing to prevent the sexual harassment alleged above and by failing to take affirmative action to correct and redress these unlawful employment practices.

23.     Defendant also discriminated against Plaintiff in violation of Title VII by discharging and otherwise discriminating against her because of her opposition to the unsolicited and unwelcome sexual advances forced upon her and other sexual harassment in her workplace.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                 **PAGE  4**

24.     Plaintiff is entitled to recover from Defendant reasonable attorneys' fees as provided in Title VII.

25.     By the above-described acts, Defendant discriminated against Plaintiff because of her sex by discriminating against her in respect to terms, conditions and privileges of her employment rights and benefits, all in violation of Chapter 21 § 21.001, et seq. of the Texas Labor Code and Title VII of the Civil Rights Act of 1964, as amended, 42, U.S.C. § 2000, et seq.

26.     Plaintiff was qualified for her job at all relevant times to this action.

27.     Defendant acted with malice, or in the alternative, with reckless indifference to the state and federally protected rights of Plaintiff.  Defendant made no effort to remedy Plaintiff's issues and in fact and condoned the harassment and hostile work environment endured by Plaintiff.

28.     Plaintiff believes, and thus avers, that the effect of Defendant's unlawful employment practices has been to limit, classify and discriminate against females in ways which jeopardize and tend to deprive them of employment opportunities and otherwise adversely affect their status as employees because of their sex in violation of Title VII.

29.     As a result of Defendant's discriminatory actions, Plaintiff has suffered loss of wages and benefits, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past and in the probability will continue to suffer in the future.  Plaintiff is entitled to general, compensatory, and punitive damages in amounts to be proven at trial.

30.     Punitive damages should be awarded against the Defendant in an amount sufficient to punish them for their violations of the law and to deter such conduct in the future.

**COUNT TWO – RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

31.     Plaintiff restates each and every preceding allegation of this Complaint and incorporates them by reference as though set forth in full herein.

32.     Title VII prohibits any employer from discriminating against any of its employees because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under Title VII.  42 U.S.C. § 2000e *et seq.*

33.     Defendant violated Title VII by unlawfully retaliating against Plaintiff for engaging in activity protected by Title VII and subjecting her to a hostile work environment.

34.     Plaintiff engaged in protected activity by reporting the sexual harassment in the workplace.

35.     Defendant was aware of this protected activity before taking adverse employment actions against Plaintiff.

36.     Plaintiff's termination was causally connected to and occurred because she engaged in protected activity.

37.     Defendant's stated reasons for Plaintiff's termination were mere pretext for unlawful retaliation in violation of Title VII.

38.     Defendant's conduct was malicious, knowing, willful, and/or reckless disregard for Plaintiff's federally protected rights.

39.     Defendant engaged in activities in retaliation for Plaintiff's complaints in violation of Title VII and the Texas Labor Code, including but not limited to 42 U.S.C. § 2000e-3(a) and § 21.055 of the Texas Labor Code.

40.     As a result of Defendant's conduct, Plaintiff has suffered monetary damages (lost wages both past and future), compensatory damages and other legal and equitable damages.

41.     Plaintiff has made good faith efforts to mitigate her damages.

42.     Punitive damages should be awarded against the Defendant in an amount sufficient to punish them for their violations of the law and to deter such conduct in the future.

## COUNT THREE – DISCRIMINATION BASED ON SEX UNDER TEXAS LABOR CODE

43.     Plaintiff restates each and every preceding allegation of this Complaint and incorporates them by reference as though set forth in full herein.

44.     The acts of Defendant, by and through its agents, employees, and/or servants constitute discrimination based on sex for which redress is provided by Tex. Labor Code §21.051.

45.     Defendant, by and through its managerial agents, employees, and/or servants, acted with malice or, in the alternative, with reckless indifference to the state protected rights of Plaintiff.

46.     Defendant, by and through its employees and/or agents, tolerated and failed to take affirmative action to correct these unlawful employment practices.

47.     As a result of Defendant's discriminatory actions, Plaintiff has suffered damages.

## COUNT FOUR – RETALIATION UNDER TEXAS LABOR CODE

48.     Plaintiff restates each and every preceding allegation of this Complaint and incorporates them by reference as though set forth in full herein.

49.     Defendant, by and through its managerial agents, employees, and/or servants, acted with malice or, in the alternative, with reckless indifference to the state protected rights of Plaintiff.

50.     Defendant, by and through its agents and/or employees tolerated and failed to take affirmative action to correct these unlawful employment practices.

51.     As a result of Defendant's discriminatory actions, Plaintiff has suffered damages.

**COUNT FIVE – NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION**

52.     Plaintiff restates each and every preceding allegation of this Complaint and incorporates them by reference as though set forth in full herein.

53.     Defendant is liable for the damages proximately caused to Plaintiff because the Defendant negligently and/or inadequately supervised, trained, retrained, and/or retained its managerial employees, agents, and/or servants.

54.     Defendant, by and through its managerial agents, employees, and/or servants, acted with malice or, in the alternative, with reckless indifference to the state protected rights of Plaintiff.

55.     Defendant, by and through its managerial employees, servants, and/or agents, tolerated and failed to take affirmative action to correct these unlawful employment practices.

56.     As a result of Defendant's discriminatory actions, Plaintiff has suffered damages.

**COUNT SIX – ASSAULT**

57.     Plaintiff restates each and every preceding allegation of this Complaint and incorporates them by reference as though set forth in full herein.

58.     Plaintiff alleges that Defendant is vicariously liable for the assault committed by several employees of Defendant.  The assault was committed by employees and/or agents of Defendant, during work time, at the work site, while in the process of work duties.  Defendant was aware of the acts being perpetrated and took no action to prevent or remedy the distressing acts, and by commission or omission, thus condoned and ratified the assault.

**COUNT SEVEN – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

59.     Plaintiff restates each and every preceding allegation of this Complaint and incorporates them by reference as though set forth in full herein.

60.     The conduct of Defendant, by and through its employees and/or agents, was extreme and outrageous.

61.     The conduct of Defendant, by and through its employees and/or agents, proximately caused severe emotional distress to Plaintiff.

62.     Plaintiff's severe emotional distress cannot be remedied by any other cause of action.

63.     Defendant's wrongful conduct, by and through its employees and/or agents, cause Plaintiff to suffer damages.

64.     Defendant, by and through its managerial agents, employees and/or servants, acted with malice, or in the alterative, with reckless indifference to the state protected rights of Plaintiff.

65.     Defendant, by and through its agents and/or employees, tolerated and failed to take affirmative action to correct these unlawful employment practices.

66.     Plaintiff alleges that Defendant is vicariously liable for the intentional infliction of emotional distress.  The intentional infliction was committed by employees of Defendant, during work time, at the work site, while in the process of work duties.  Defendant was aware of the acts being perpetrated and took no action to prevent the distressing acts, and by commission or omission, thus condoned and ratified the intentional infliction of emotional distress.

## VII.    JURY DEMAND

67.     Plaintiff requests a trial by jury on all issues, claims, actions and defenses in this case.

## VIII.   ATTORNEYS' FEES

**PLAINTIFF'S ORIGINAL COMPLAINT**                                          **PAGE 9**

68.     Plaintiff was forced to engage counsel to protect her rights.  Plaintiff is entitled to recover reasonable and necessary attorney fees and costs under 42 U.S.C. § 1988(b), 42 U.S.C. §§2000e-5(k), 29 U.S.C. §2617(a)(3), and Tex. Labor Code §21.259.

## IX.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that Defendant be summoned to appear and answer, and that on final trial, judgment be granted against Defendant, awarding him the following:

a.   Back pay, including but not limited to, lost wages and other employment benefits;

b.   Front pay;

c.   Actual damages;

d.   Compensatory and/or punitive damages, in the maximum amount allowed by law;

e.   Liquidated damages in the maximum amount allowed by law;

f.   Prejudgment and post-judgment interest, in the maximum amount allowed by law;

g.    Attorneys' fees, expert fees, and costs of suit; and

h.   Any further legal and equitable relief to which Plaintiff may be justly be entitled.

DATED:      July 12, 2010

Respectfully submitted,

_____
Ditty S. John
State Bar No. 24062803
Vincent J. Bhatti
State Bar No. 24055169
**The Bhatti Law Firm, PLLC**
7920 Belt Line Road
Suite 1125
Dallas, TX 75254
Telephone: (214) 253-2533
Facsimile: (214) 204-0033

**PLAINTIFF'S ORIGINAL COMPLAINT**                                    **PAGE  10**

**ATTORNEYS FOR PLAINTIFF**
**TONIA ROYAL**